IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11496
Conference Calendar
_____

BRENDA LEE FORD,

                                        Plaintiff-Appellant,

versus

J.B. BOGAN, Warden;
D. GORDON, Medical Administrator;
C.A. STRATMAN, Clinical Director; ROBERT TERRIAN, D 0,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northtern District of Texas
USDC No. 4:99-CV-715-G
- - - - - - - - - -
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

    We construe the notice of appeal filed by Brenda Lee Ford,

federal prisoner # 26255-077, as a motion for leave to proceed <u>in</u>

<u>forma</u> <u>pauperis</u> (IFP) in the appeal of her civil lawsuit brought

pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal</u>

<u>Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Ford is thus

challenging the district court's certification that her appeal of

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the denial of her FED. R. CIV. P. 60(b) motion is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Ford's good faith is limited to whether the appeal involves legal points arguable on their merits and therefore not frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).

Ford's argument that the district court was required to consider the dictates of FED. R. CIV. P. 60(b)(4) when it denied her motion is completely without merit because the motion was not brought under FED. R. CIV. P. 60(b)(4), but rather under FED. R. CIV. P. 60(b)(2) & (3).  Insofar as Ford argues that the district court should not have denied her motion brought under Rule 60(b)(3), such provision includes a one-year statute of limitations.  See FED. R. CIV. P. 60(b); Fierro v. Johnson, 197 F.3d 147, 154 (5th Cir. 1999).  The judgment in this case was entered in July 2000.  Ford brought her motion in October 2001, well after the one-year limitations period had expired.  Ford's contentions regarding her financial status are irrelevant because the district court denied leave to appeal IFP based on the frivolousness of the appeal, not on financial considerations.

Ford's appeal does not raise any legal point arguable on its merits.  See Howard, 707 F.2d at 220.  Accordingly, the motion to proceed IFP is DENIED and the appeal is DISMISSED as frivolous pursuant to 5TH CIR. R. 42.2.  See Baugh, 117 F.3d at 202 n.24. The dismissal of this appeal as frivolous counts as a "strike"

under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Ford is WARNED that if she accumulates three strikes pursuant to 28 U.S.C. § 1915(g), she may not proceed IFP in any civil action or appeal unless she is under imminent danger of serious physical injury.  Id.

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.